UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

v.

TASTY FRIES, EDWARD C. KELLY, and
LOUIS M. KELLY,

                  Defendants.

07-2857

No. ___-___ (___)

FILED
JUL 1 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## FINAL JUDGMENT AS TO DEFENDANT EDWARD C. KELLY

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Edward C. Kelly ("Edward Kelly") having entered a general appearance; consented to the Court's jurisdiction over Edward Kelly and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 15d-14 [17 C.F.R. § 240.15d-14] by signing any certifications required by Rule 15d-14 knowing that such certification is false, misleading, and/or omits material information.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act and Rules 15d-1, 15d-11, 15d-13, and 12b-20 thereunder [15 U.S.C. § 78o(d) and 17 C.F.R. §§ 240.15d-1, 240.15d-11, 240.15d-13, and 240.12b-20] by knowingly providing substantial assistance to an issuer that files with the Commission periodic reports that are inaccurate and/or misleading, or that fails to file with the Commission required annual, quarterly and current reports.

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing

substantial assistance to an issuer that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect its transactions and dispositions of its assets.

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer that fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that its transactions are recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Edward Kelly is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**IX.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $32,925, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,320, for a total of $39,245. Based on Edward Kelly's sworn representations in his Statement of Financial Condition dated February 2, 2006, and other documents and information submitted to the Commission, including sworn testimony on June 13, 2006, and an affidavit dated November 30, 2006, however, the Court is not ordering Edward Kelly to pay a civil penalty, and payment of the disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of the disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Edward Kelly's Statement of Financial Condition and other information that he provided. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Edward Kelly's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to him, petition the Court for an order requiring him to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Edward Kelly was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Edward Kelly to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Edward Kelly may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest or a civil penalty should not be ordered;

(4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Edward Kelly shall, within ten (10) days of the entry of this Judgment,: (i) prepare and send a letter to the transfer agent of Tasty Fries, Inc. instructing the transfer agent to cancel certificate numbers T. 2492, T. 2821, T. 2909, T. 2931, T. 3018, T. 3062, T. 3134, T. 3171, T. 3172, T. 3209, T. 3261, T. 3265, T. 3287, T. 3351, T. 3403, T. 3412, T. 3415, T. 3511, which consist of 3,115,165 shares of Tasty Fries common stock currently held in his name; (ii) send those certificates along with the letter to the transfer agent; and (iii) send a copy of the transfer agent instruction letter described above to Kingdon Kase, Senior Trial Counsel, Securities and Exchange Commission, Mellon Independence Center, 701 Market Street, Suite 2000, Philadelphia, PA 19106.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Edward Kelly is incorporated herein with the same force and effect as if fully set forth herein, and that Edward Kelly shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: ___July 17___, 2007

_____
UNITED STATES DISTRICT JUDGE

2:07-cv-02857-LP

KINGDON KASE
SECURITIES & EXCHANGE COMMISSION
THE MELLON CENTER
701 MARKET STREET
SUITE 2000
PHILADELPHIA PA 19106-3322

215-597-2740
kasek@sec.gov